UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No.** |
| | : | |
| v. | : | **Magistrate No.** |
| | : | |
| **ISABELLE GARCIA,** | : | **Violation:** |
| | : | **18 U.S.C. § 1343 (Wire Fraud)** |
| | : | |
| **Defendant.** | : | **FILED UNDER SEAL** |

## MOTION AND SUPPORTING MEMORANDUM TO SEAL AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place and maintain under seal, until further order of the Court, the Affidavit in Support of Criminal Complaint and Arrest Warrant, the Criminal Complaint, the Arrest Warrant, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion. In support thereof, the Government states as follows:

1. The U.S. Attorney's Office for the District of Columbia, in conjunction with the Federal Bureau of Investigation ("FBI"), has been investigating the defendant for embezzling funds from the George Town Club while she worked there as the controller. The Affidavit in Support of Criminal Complaint and Arrest Warrant references evidence gathered in the course of the investigation. The public disclosure of the Government's evidence could compromise the integrity of the investigation. The defendant is currently believed to be outside of the United States. If she becomes aware of the current criminal case through the public docketing of filings, she may restrict her travel in order to evade apprehension.

2. As stated in Washington Post v. Robinson, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings. But, this can be overridden if "'(1)

closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" Id. at 290 (quoting Oregonian Pub. Co. v. United States Dist. Court, 920 F.2d 1462, 1466 (9th Cir. 1990)).

3. In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting the defendant. A limited sealing order ensuring that filings related to the Criminal Complaint and Arrest Warrant are not accessible from the Court's public files is narrowly tailored to serve a compelling interest.

4. Furthermore, the United States respectfully submits that complying with the normal notice requirements of Washington Post would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal an Affidavit in Support of Criminal Complaint and Arrest Warrant, or a resulting sealing order, means that the defendant is charged with a crime, and the Government intends to arrest her. Thus, if this Motion or a sealing order were to become public, it would be the same as making public the Complaint and Arrest Warrant.

**WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, until further order of the Court, the Affidavit in Support of Criminal Complaint and Arrest Warrant, the Criminal Complaint, the Arrest Warrant, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.

Respectfully submitted,

CHANNING D. PHILLIPS
UNITED STATES ATTORNEY

By: _____
ANTHONY SALER, D.C. Bar No. 448254
Assistant United States Attorney
Asset Forfeiture and Money Laundering Section
555 Fourth Street, N.W., Room 5840
Washington, D.C. 20530
(202) 252-7445
Anthony.Saler@USDOJ.Gov